FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 AUG 14 PM 12: 13
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEVELAND WINSTON KILGORE-BEY, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-17-1751 |
| FEDERAL BUREAU OF PRISONS, et al., VOLUNTEERS OF AMERICA, et al.,[1] | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

This Court ordered self-represented Plaintiff Cleveland Winston Kilgore-Bey to supplement the Complaint, noting the deficiencies therein, and provided a blueprint for correcting those deficiencies. Upon review of Kilgore-Bey's supplemental filing, the noted deficiencies have not been corrected and the Complaint must be dismissed for failure to comply with this Court's Order. *See Goode v. Central Virginia Legal Aid Society, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015). For reasons to follow, the Complaint also is subject to dismissal as frivolous and for failure to state claim upon which relief may be granted.

Kilgore filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee, and was granted leave to proceed in forma pauperis. (ECF 3). To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This

---

[1] Volunteers of America operates a Residential Re-Entry Center or half-way in Baltimore, Maryland to which federal inmates may be designated to serve the reminder of their sentence as they prepare to transition back to society. *See e.g. Melendez v. Masselieno*, Civil Action No. ELH-13-1864 (D. Md. 2014); \*1 2014 WL 460848 (2014)

1

Court also is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). A complaint fails to state a claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

A frivolous action is one that "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This Court deems the Complaint subject to dismissal under both standards.

2

Kilgore-Bey's Complaint and his cases previously in this District[2] echo the "flesh and blood" or "sovereign man" philosophy. *See e.g. See United States v. Mitchell*, 405 F.Supp.2d 602, 603-06 (D. Md. 2005) (describing the theory, its sources, and its anti-government movement predecessors). "Sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *See Parker v. Spencer*, 2015 WL 3870277, *3 (D.S.C.) (quoting *United States v. Ulloa*, 511 F.App'x 105, 106 n. 1 (2d Cir. 2013)). For example, Kilgore-Bey's claims here suggest that he views himself of independent nationality. Also, he cites to the Uniform Commercial Code, which is irrelevant to the matters raised, and signs his name as his authorized representative. (ECF 1 & 4).

Kilgore-Bey alleges Defendants conspired to violate criminal statutes 18 U.S.C. §§112, 241 and 242, his rights under Article One of and the Fourteenth Amendment to the United States Constitution, and international law by forcibly placing a GPS monitoring device on his left leg on June 23, 2017, to prevent him from transacting business with the Secretary of State's Office in Washington D.C. He asserts his injuries started from the "day of assault" and created emotional distress, pain every day, "deliberate indifference," violated his liberty, and breached his contractual rights of the International Protections of the Compact to which he is a party and the Vienna Convention Treaty. (ECF 4). He claims that he was admitted to Johns Hopkins Hospital for stress approximately eight days after the device was removed from his leg. As relief, he requests $19,500,000.00 in damages. (ECF 4).

---

[2] *See e.g. Kilgore v. United States*, Case 1:10-cv-03502-RDB (D. Md. 2011); *Kilgore v. United States*, Civil Action No. RDB-16-1889 (D. Md. 2016) (noting that Kilgore refers to himself as himself "Ambassador-Cleveland Winston Kilgore, Jr.," and claims that he is detained in violation of international law); *Kilgore v. Warden*, Civil Action No. RDB-11-3000 (D. Md. 2011) (filing of document titled "Security Agreement Non-Negotiable Security Agreement Between the Parties"); *Kilgore v. Warden*, Civil Action No. RDB-12-1101(filing of paper titled "International Bill of Exchange (Unicitral Treaty No. 216007-1)").

Kilgore-Bey has failed to comply with the Court's order to particularize how Defendants forcibly placed the monitoring device or otherwise physically assaulted him. Kilgore-Bey provides no details about the purportedly forcible placement to support a claim of constitutional dimension, despite being granted the opportunity to do so in a supplement. Thus, even when liberally construed, the Complaint fails to state a claim upon which relief may be granted.

Kilgore was convicted by a jury of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal Action No. RBD-06-115 (D. Md. 2006). On December 19, 2006, this Court sentenced Kilgore to 149 months incarceration to be followed by five (5) years of supervised release and ordered him to pay restitution of $268,930 with an assessment of $800. Because Kilgore-Bey asserts in the Complaint that he was released "into society" on June 26, 2017, (ECF No. 1 at 2), it is likely that Kilgore-Bey was required to wear a monitoring device as part of his placement in the half-way house or the terms of his supervised release. To the extent Kilgore asserts he was unlawfully placed on electronic monitoring based on "flesh and blood' or sovereign citizen tenets, his claims are frivolous. Although he was ordered to provide supplemental information regarding whether wearing a tracking device was part of the terms of his release, he has failed to comply with court order.

To the extent Kilgore-Bey seeks to bring criminal actions against Defendants for violating federal criminal statutes, private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D*, 410 U.S. 614, 619 (1973). Criminal charges in this Court must be brought by the federal prosecutor.

## CONCLUSION

For these reasons the Complaint will be dismissed with prejudice as frivolous, for failure to state a claim upon which relief may be granted, and for failure to comply with court order. A separate Order follows.

August 14, 2013
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT COURT